IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE RICHARD FRIEDMAN, | ) | 8:12CV248 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HOWARD H. FISHKIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Commence Discovery (filing no. 6) and Motion for Court to Enter A Litigation Hold and/or Preservation Order on Defendant (filing no. 7). Also pending are two Motions to Seal, filed by Defendant. (Filing No. 17; Filing No. 24.)

In his Motion for Leave to Commence Discovery, Plaintiff seeks leave to serve discovery on Defendant prior to the court's issuance of a progression order. (Filing No. 6.) Such leave is sought because Plaintiff believes discovery "will take considerable time to complete," because Plaintiff believes that Defendant may "evade proper discovery," and because Plaintiff anticipates that the court "will hear multiple motions to compel, motions to quash and motions for sanctions." (*Id.*) Thus, "judicial economy" would be served by allowing Plaintiff to commence discovery early. (*Id.* at CM/ECF p. 2.) The court has carefully reviewed the record and finds no good cause for the commencement of discovery prior to the issuance of a progression order. This is especially true where, as here, Defendant has already filed a motion to dismiss asserting defenses such as lack of personal jurisdiction and lack of subject matter jurisdiction. (Filing No. 22.) Thus, no discovery is warranted prior to the court's resolution of the pending Motion to Dismiss.[1]

---

[1] Plaintiff also filed a Motion to Enter Progression Order, which is nearly identical to the Motion for Leave to Commence Discovery. (Filing No. 29.) For the same reasons, the Motion to Enter Progression Order is also denied.

Plaintiff also seeks an order from the court requiring Defendant to "preserve and hold any documents, electronic or otherwise which may be discoverable until the conclusion of this case." (Filing No. 7 at CM/ECF p. 1.) Plaintiff also mailed a "litigation hold notice" to Defendant within a few days of filing his Complaint in this matter. (Filing No. 7-1 at CM/ECF p. 1.) Defendant is presumably complying with the "litigation hold notice," and there is nothing before the court showing otherwise. As such, the court need not get involved. However, Defendant is cautioned that his failure to comply with the "litigation hold notice," and/or his obligations under the Federal Rules of Civil Procedure and the court's Local Rules, may result in sanctions.

Also pending are Defendant's Motions to Seal. (Filing No. 17; Filing No. 24.) In these Motions, Defendant seeks to restrict access to several documents submitted in conjunction with Plaintiff's Motion to Disqualify and Defendant's Motion to Dismiss. (Filing No. 17; Filing No. 24.) The documents contain privileged and confidential information relating to a separate proceeding before the Nebraska Counsel on Discipline. (Filing No. 17 at CM/ECF p. 1; Filing No. 24 at CM/ECF p. 1.) The court has carefully reviewed the documents and finds that, for good cause shown and in accordance with the court's Local Rules, the Motions to Seal are granted in part. It is apparent from Defendant's Motions that the defendant seek restriction of public access to the documents. Thus, rather than sealing the requested documents, the court will restrict access to the documents pursuant to NeCivR 5.0.3(c)(3).[2]

---

[2]According to the Clerk of the court, a sealed document does not appear on the public docket sheet at all. However, a restricted document appears on the public docket sheet as a docket entry, but the document is not viewable to the public. In this matter, Defendant does not seek to conceal from the public the filing of the documents, but the content only. As such, restriction, rather than sealing, is the appropriate remedy.

2

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Commence Discovery (filing no. 6), Motion for Court to Enter A Litigation Hold and/or Preservation Order on Defendant (filing no. 7), and Motion to Enter Progression Order (filing no. 29) are denied.

2. Defendant's Motions to Seal (filing no. 17; filing no. 24) are granted in part.

3. The Clerk of the court is directed to restrict public access to Filing Nos. 20 and 26.

4. Plaintiff's Motion for Extension of Time (filing no. 28) is granted. In the event Plaintiff wishes to file a response to Defendant's Motion to Dismiss (filing no. 22), he must do so no later than October 16, 2012.

DATED this 21st day of September, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.